UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re MARIA GUTIERREZ,

       Debtor

-------------------------------------------------------x

DAVID A. BELLON,

       Appellant,

  -v-

WILLIAM K. HARRINGTON, AS UNITED
STATES TRUSTEE,

       Appellee.

-------------------------------------------------------x

Chapter 7
Case No.  17-12775 (SMB)

No. 19 Civ. 10897 (LTS)

MEMORANDUM ORDER

Appellee William K. Harrington, as United States Trustee ("Appellee," "Harrington," or "United States Trustee"), moves to dismiss the appeal filed by Appellant David A. Bellon ("Appellant" or "Mr. Bellon") seeking review of the November 8, 2019, decision of the Bankruptcy Court for the Southern District of New York granting the Trustee's Motion for an Order Reopening the Chapter 7 Case Pursuant to Section 350(b) ("Reopen Order").  (Motion to Dismiss Bankruptcy Appeal, and to Stay the Briefing Schedule ("Trustee Mot."), Docket Entry No. 11.)  The Court has reviewed carefully the parties' submissions, and finds that oral argument is unnecessary because the facts and legal arguments are adequately presented in the briefs and the decisional process would not be significantly aided by oral argument.  Fed. R. Bankr. P. 8019(b).  For the following reasons, the motion to dismiss the instant appeal is granted.

BACKGROUND

The following summary of relevant facts is drawn from the parties' moving papers. Appellant David A. Bellon served as attorney of record for debtor Maria Gutierrez ("Debtor") in connection with her Chapter 7 bankruptcy case. Mr. Bellon filed a "Disclosure of Compensation of Attorney for the Debtor" with the Debtor's Chapter 7 Petition, stating that Mr. Bellon had agreed to accept $1,500 as compensation for legal services related to the Debtor's bankruptcy case. (Docket Entry No. 11 at 3.) However, in early 2019, the Debtor (through a relative) informed the Office of the United States Trustee that she had paid Mr. Bellon $36,765.67 "for the purpose of resolving her pre-petition mortgage dispute with Citibank." (Docket Entry No. 11 at 5.) Despite receiving this extra payment from the Debtor, Mr. Bellon failed to provide the United States Trustee with proof that the Debtor's pre-petition mortgage dispute with Citibank has indeed been resolved. (Docket Entry No. 11 at 5-6.) As a result, the United States Trustee successfully moved to reopen the Debtor's bankruptcy case in order to "to investigate the [$36,765.67 payment] to Mr. Bellon and its underlying facts and circumstances," and potentially file a disgorgement motion under Bankruptcy Code Section 329. (Docket Entry No. 11 at 6-7.) Mr. Bellon appeals from the bankruptcy court's order granting the motion to reopen the bankruptcy case for purposes of investigation.

DISCUSSION

District courts have jurisdiction to hear appeals from final orders of the bankruptcy courts, or from interlocutory orders "with leave of the court." 28 U.S.C.A. § 158(a) (Westlaw through P.L. 116-140). "For purposes of appealability outside of the bankruptcy context, a final order is one that conclusively determines the rights of the parties to the litigation, leaving nothing for the district court to do but execute the order." In re Fugazy Exp., Inc., 982

F.2d 769, 775 (2d Cir. 1992).  "[F]or a bankruptcy court order to be final within the meaning of § 158(d), the order need not resolve all of the issues raised by the bankruptcy; but it must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief."  Id. at 776.  Because the Reopen Order does not conclusively determine the rights of the parties with respect to the questioned payment, it is an interlocutory (rather than final) order of the bankruptcy court.  The Court therefore lacks jurisdiction to entertain it under 28 U.S.C.A. § 158(a)(1) (Westlaw through P.L. 116-140) (granting the district courts jurisdiction to hear appeals "from final judgments, orders and decrees").

<u>Interlocutory Order</u>

Although Appellant made no formal application for leave to file an interlocutory appeal, the Court "will nevertheless treat the papers already submitted as Appellant's motion for leave to appeal," and evaluate whether it is appropriate to grant Appellant leave to appeal the bankruptcy court's interlocutory order pursuant to 28 U.S.C. § 158(a)(3), which grants the district court's jurisdiction of appeals of interlocutory orders for which they have given leave.  <u>In re Pezzo</u>, No. 15 Civ. 162 (NSR), 2015 WL 5853862, at *3 (S.D.N.Y. Oct. 7, 2015) (citing Fed. R. Bankr. P. 8003(c)).  In deciding whether to grant such leave, courts in this Circuit have applied the standards set forth in 28 U.S.C. § 1292(b), which governs the appealability of interlocutory district court orders.  <u>In re Alexander</u>, 248 B.R. 478, 483 (S.D.N.Y. 2000).  "[F]or an interlocutory appeal to be granted, the order being appealed must '(1) involve a controlling question of law (2) over which there is substantial ground for difference of opinion,' and the movant must also show that '(3) an immediate appeal would materially advance the ultimate termination of the litigation.'"  <u>In re Adelphia Commc'ns Corp.</u>, 333 B.R. 649, 658 (S.D.N.Y. 2005) (quoting 28 U.S.C. § 1292(b)).  Additionally, leave to appeal is appropriate only when the

movant demonstrates the existence of "exceptional circumstances to overcome the general aversion to piecemeal litigation and to justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." In re Coudert Bros. LLP Law Firm Adversary Proceedings, 447 B.R. 706, 711 (S.D.N.Y. 2011) (internal quotation marks omitted).

Mr. Bellon has failed to demonstrate that leave to pursue an interlocutory appeal of the Reopen Order is warranted.  First, the decision does not involve a controlling question of law.  "[T]he 'question of law' must refer to a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." In re Enron Corp., No. 01-16034, 2006 WL 2548592, at *4 (S.D.N.Y. Sept. 5, 2006) (citation omitted).  Bankruptcy Code Section 350(b) provides that a bankruptcy "case may be reopened . . . for . . . cause."  11 U.S.C.A. § 350(b) (Westlaw through P.L. 116-140).  The bankruptcy court below determined that "cause exist[ed]" to reopen the Debtor's Chapter 7 proceedings based on the factual record before it.  In re Maria Gutierrez, No. 17-12775 (SMB), Docket Entry No. 21 (Bankr. S.D.N.Y. Nov. 8, 2019).  The bankruptcy court's determination was fact-based and, therefore, did not involve a "controlling question of law" appropriate for interlocutory appeal.  Mount Sinai Hosp. v. Arana, No. 11 Civ. 5360 (RRM), 2012 WL 3307357, at *4 (E.D.N.Y. Aug. 12, 2012) (declining to hear interlocutory appeal of fact-based order granting motion to reopen bankruptcy case).

Second, Mr. Bellon has failed to demonstrate that there is any "substantial ground for difference of opinion" on the questions presented.  Courts will find "substantial ground for difference of opinion" where "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." In re Coudert Bros., 447 B.R. at 712 (internal quotation marks omitted).  Mr. Bellon has not identified any difference of

opinion on the legal issues underlying the Reopen Order; he simply asserts that the "Bankruptcy Court failed to meet the standards under case law for reopening the Bankruptcy Case under 11 U.S.C. § 350(b)." (Docket Entry No. 13 at 9.) However, "[m]erely claiming that the bankruptcy court's decision was incorrect is insufficient to establish substantial ground for difference of opinion." In re Cross Media Mktg. Corp., No. 07 Civ. 878 (GBD), 2007 WL 2743577, at *2 (S.D.N.Y. Sept. 19, 2007).

For these reasons, Mr. Bellon's request for leave to file his interlocutory appeal is denied.

Collateral Order Doctrine

Mr. Bellon argues that the bankruptcy court's Reopen Order is appealable under the collateral order doctrine. (Docket Entry No. 13 at 13.) "The requirements for appeal under the collateral order doctrine have been distilled down to three conditions: that an order [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." Fischer v. New York State Dep't of Law, 812 F.3d 268, 273 (2d Cir. 2016) (internal quotation marks omitted). The Reopen Order does not conclusively determine the question of whether Mr. Bellon improperly received funds from the debtor; it simply reopens the case to permit investigation of the matter. The use of the bankruptcy court's discretion to reopen the case to facilitate such investigation is not an important matter completely separate from the merits. In re Orlan, 138 B.R. 374, 377-78 (E.D.N.Y. 1992) (finding that the "question of whether the bankruptcy court abused its discretion in deciding to reopen the hearing" is insufficiently "important" for purposes of collateral order doctrine). Further, Mr. Bellon has not provided any basis for the Court to conclude that the Reopen Order would not be reviewable on

appeal from a final judgment.  See In re Cutter, No. 05 Civ. 5527 (FB), 2006 WL 2482674 (E.D.N.Y. Aug. 29, 2006) (holding collateral order doctrine inapplicable where appeal was from order reopening case that did not conclusively determine whether property at issue should have been administered as part of estate, and final judgment would be reviewable on appeal).  Therefore, appellate review under the collateral order doctrine is not available.

Takings Clause and other Constitutional Issues

Mr. Bellon argues, among other things, that "Appellee should be held liable under the Takings Clause of the Fifth Amendment because it has the unconstitutional effect of destroying or a continual impairment of appellants private contract rights and inalienable rights." (Docket Entry No. 13 at 15.)  Because these arguments were not raised before the bankruptcy court and provide no independent basis for jurisdiction of an interlocutory appeal, the Court will not evaluate their merits at this juncture.  Mr. Bellon's fact-based arguments regarding the bankruptcy court's jurisdiction are also raised improperly in this appeal.

Accordingly, for the aforementioned reasons, Appellee's motion to dismiss this interlocutory bankruptcy appeal is granted.  The Court lacks jurisdiction to entertain Mr. Bellon's issues at this juncture.  This Memorandum Order resolves Docket Entry No. 11.  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: New York, New York
      May 7, 2020

       /s/ Laura Taylor Swain
       LAURA TAYLOR SWAIN
       United States District Judge